Ames *v.* Duryea.

---

EDWARD R. AMES, Appellant, v. GEORGE H. DURYEA and another, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

A soldier may abandon his domicile and acquire a new one, as other persons.

His purchasing or renting a dwelling, to which he removes his family and in which he lives, is evidence of a change of domicile, in the absence of facts manifesting an intention not to remain permanently in such dwelling.

So the removal of his family to a place where they take board is evidence of like change.

THIS was an appeal from the decree of the surrogate of Chautauqua county, admitting to probate the will of Emma Louisa Ames, who died at Dunkirk in that county in November, 1869. The facts, as they appeared in evidence, from the testimony of the appellant, are stated in the opinion.

*A. Hazeltine, Jr.*, for the appellant.

*J. S. Carpentier*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J.  The appellant resisted the probate of his wife's will before the surrogate of Chautauqua county on the ground that she was, at the time of making her will and of her death, domiciled in the State of Indiana, and, therefore, the laws of that State controlled the disposition of her property; that after the making of the will she gave birth to a child; and, by the laws of Indiana, on the birth of a child, a will theretofore made is revoked; and hence the property of the deceased descended to her next of kin, as in case of intestacy.

The facts bearing on the question of domicile are these:

The appellant was born and resided with his parents in Indiana until 1864, when he was appointed a second lieutenant in the army of the United States, of which he has since been, and still is, an officer.  He was between eighteen and nineteen years of age when he entered the army.  He was ordered by his superior officers to Florida, where he married his decased wife on the 3d of April, 1867.  He kept house in Florida, in the years 1867–8, for about a year.

At some time after May, 1865, the appellant's father removed with his family to Baltimore, and resided there for some time, but for how long does not appear.

The deceased, at the time of her death, was a resident of Chautauqua county in this State.

The appellant was at Dunkirk in said county, with his wife and infant daughter, at the time of her death.  He had been appointed Indian agent, and was then waiting orders.  He had made no preparation for keeping house in Dunkirk.

The domicile of the appellant, when he entered the army, was in Indiana.  He neither lost that domicile, nor gained another by entering the army.  His domicile remained in Indiana.

But, being a minor, he was incapable of acquiring a domicile other than that of his father.  (Story on Conflict Laws, § 46; 2 Kent Com., note (d), p. 431, 3d ed.)

If, therefore, his father removed to Baltimore during the

appellant's minority, the domicile of the latter was removed to Maryland. (Same cases.)

There is no proof in the case that the father removed during the son's minority; and, in the absence of all evidence on the question, the presumption would be that the father continued to reside in Indiana, and, as a consequence, the appellant's domicile would continue in that State. (1 C. & H., notes, 295.)

The appellant became of age some time in the fore part of the year 1867.

From that time he could acquire a residence for himself. (Story on Confl. Laws, § 46.)

But until he acquired another, it would remain in Indiana. (Story's Confl. Laws, § 46.)

Having married, and after attaining his majority, he entered on housekeeping in Florida, the presumption would be that he acquired a domicile in that State. It is a presumption that a person has his domicile where he lives. (Conflict Laws, § 46; *Bempde* v. *Johnson,* 3 Ves., 201; *Marsh* v. *Hutchinson,* 2 id., 229.)

Although a soldier, while in the army, neither acquires or loses his residence in the State in which his domicile was when he entered the army, yet it is as competent for a soldier to abandon a domicile and acquire a new one as it is for any other citizen; and his purchasing or renting a dwelling-house, to which he removes his family and in which he lives, are evidence of a change of domicile, in the absence of any fact manifesting an intention not to remain permanently in such new domicile. (Conflict of Laws, § 46; 3 Vesey, 201; 2 B. & P., 229, note; *Regma* v. *Eastonhouse,* 82 E. C. L., 901.)

Some years after his wife removes to Dunkirk with her child, and the appellant either goes with her or follows her to that place. They did not keep house; they boarded there; and there the wife died.

These facts establish another change of domicile, and the

new domicile was in this State, and her property subject to our laws; and the will was properly admitted to probate.

The order of the surrogate is therefore affirmed, with costs to be paid by the appellant.